UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KEVIN RAZZOLI,

                            Petitioner,           **MEMORANDUM & ORDER**
                                                         10-CV-4802 (CBA)
    -against-

UNITED STATES MARSHALS SERVICE,

                            Respondent.
-----------------------------------------------------------X
KEVIN RAZZOLI,

                            Petitioner,
                                                         10-CV-4902 (CBA)
    -against-

UNITED STATES MARSHALS SERVICE,
S.D.N.Y.; UNITED STATES NAVY;
WARDEN DUKE TERRELL

                            Respondents.
-----------------------------------------------------------X
AMON, United States District Judge:

      Petitioner Kevin Razzoli, who is currently incarcerated at the Metropolitan Detention Center ("MDC"), brings these *pro se* petitions pursuant to 28 U.S.C. § 2241. Petitioner's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 are granted. Petitioner is directed to submit amended petitions within 30 days of the date of this Order.

BACKGROUND

I.    <u>Prior Litigation</u>

      Plaintiff Kevin Razzoli is a frequent litigator in this Court and other District Courts, and his litigation history was previously summarized in <u>Razzoli v. US Parole Commission, et al.</u>, No. 10-CV-1842 (CBA) (docket no. 16). Razzoli has most recently filed two petitions pursuant to

28 U.S.C. § 2241, received by the Court on October 18 and October 19, 2010. The petitions are drafted using a standard form for challenging unlawful custody under 28 U.S.C. § 2241, but appear to challenge discipline resulting from separate incidents. The October 18 petition states: "Presently in Shu Challenging Incident Report 10/04/2010." (Oct. 18 Pet. at 2.)[1] Likewise, the October 19, 2010 makes specific reference to an incident report dated September 26, 2010. (Oct. 19 Pet. at 3.) The factual allegations are otherwise nearly identical, and so it is likely that Razzoli challenges his confinement in the special housing unit in both actions. The Court would also note that Razzoli has already filed a petition challenging the fact of his present confinement following his parole violation. Razzoli v. US Parole Commission, et al., No. 10-CV-1842 (CBA).

As stated, the allegations contained in both petitions are substantially similar. He alleges that "gov't agent(s)" used false documents and prepared false reports dated September 26, 2010 and October 4, 2010, and that he was unable to cross-examine witnesses, view and present video surveillance tapes, or have access to adequate legal materials. (Oct. 18 Pet. at 3-5; Oct. 19 Pet. at 3-4.) He further alleges that "this is 'retaliation' for past court challenges and right to access the court." (Oct. 18 Pet. at 5.) As a result of his placement in restrictive housing, petitioner alleges that he is unable to have direct contact with family members or friends, was denied access to the law library, and was "denied disclosure to reliable ethical advice." (Oct 19 Pet. at 3; Oct. 18 Pet. at 7.)

## DISCUSSION

Title 28, section 2241 permits habeas corpus review for federal prisoners "in custody in

---

[1] Because some of the pages are unnumbered, the Court refers to the page numbers assigned by the Electronic Case Filing System.

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A prisoner may use 28 U.S.C. § 2241 to challenge the manner in which his sentence is being executed, including his placement in restrictive housing. See Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006) (matters challengeable under section 2241 include "prison disciplinary actions, prison transfers, type of detention and prison conditions"); United States v. Basciano, 369 F. Supp. 2d 344, 348 (E.D.N.Y. 2005) ("The courts of this circuit consistently have held that a habeas petition is the appropriate vehicle for prisoners challenging their placement in pretrial administrative detention and seeking release into general population.").

However, prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief, or else justify the failure to exhaust these remedies. Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). Razzoli fails to identify any steps he took to exhaust the administrative remedies available through the Bureau of Prisons. Additionally, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004). Petitioner is currently incarcerated at the MDC, and he named Warden Duke Terrell as a respondent only in the October 19, 2010 petition. The United States Marshals Service and the United States Navy do not currently have custody over petitioner and are not properly named as respondents in this petition.

## LEAVE TO AMEND

In light of petitioner's *pro se* status, he is granted leave to submit amended petitions within 30 days of the date of this Order so as to address the procedural defects noted above. The

petitions should be captioned, "Amended Petition," and should clearly state the relief sought and the grounds on which each allegation is based.[2] Plaintiff is directed to name Duke Terrell, the Warden of the MDC, as the respondent. The amended petitions must also indicate the administrative remedies the petitioner has pursued within the Bureau of Prisons. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days.

SO ORDERED.

/Signed by Judge Amon/
CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
December 20, 2010

---

[2] As noted above, petitioner's two submissions appear to allege nearly the same claims and may both seek relief from his placement in restrictive housing. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). Should the petitions state identical claims and seek identical relief, petitioner is directed to submit only one amended petitioner under docket number 10-CV-4902 (CBA), and the Court will accordingly dismiss the duplicative action.